# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ABRAHIM FATA,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-6934** |
| | : | |
| **CHARLES LANG,** *et al.*, | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM</u>

**GOLDBERG, J.**                                                                    **APRIL 23, 2025**

Plaintiff Abrahim Fata, a prisoner currently incarcerated at Lehigh County Jail, brings this *pro se* civil action[1] raising claims against Defendants Charles and Martha Lang.[2]  (ECF No. 2 ("Compl.") at 1-2.)  Fata also alleges an ongoing conspiracy "by Pennsylvania, and New Jersey societies/communities, and governments, since 2017."  (*Id.* at 7.)  He seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Fata leave to proceed *in forma pauperis* and dismiss the Complaint in its entirety.

---

[1] Fata initiated this action by filing a "Petition for Private Civil and Criminal Complaint."  (*See* Compl. at 1.)  To the extent that Fata seeks to initiate criminal charges against any Defendant, the Court has no authority to order such relief.  *See Kent v. Ed Carber Inc.*, 467 F. App'x 112, 113 (3d Cir. 2012) (*per curiam*) (affirming dismissal of claims seeking initiation of criminal charges because "a private person does not have a 'judicially cognizable interest in the prosecution . . . of another'") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).)

[2] Fata indicates in his Notice to the Court that Defendants' last name is misspelled on the docket, and the correct spelling should be "Lang."  (*See* ECF No. 4.)  The Court will direct the Clerk of Court to amend the docket to reflect the correct spelling.  For purposes of this Memorandum, the Court will adopt the proper spelling and refer to the Defendants as Charles and Martha Lang.

## I.    FACTUAL ALLEGATIONS[3]

The allegations in Fata's Complaint are disjointed and difficult to discern.  From January 2021 through July 2022, Fata and his daughter resided with Defendant Charles Lang at Lang's house in Pike County, Pennsylvania.  (Compl. at 2.)  Defendant Martha Lang is married to Charles, but she allegedly resided in Monroe County.[4]  (*Id.*)

Fata asserts that his car was vandalized twice between March and April 2021.  (*Id.*)  During this time, Fata "was going though a custody issue with [his] son," and Charles allegedly started to behave irrationally.  (*Id.*)  Fata contends that the "irrational behavior" included Charles asking him to contribute more money towards groceries and household goods.  (*Id.*)  Fata avers that there were "others . . . oppressing [him] as well."  (*Id.*)  When his car was vandalized a second time, Fata called the police to report it.  (*Id.*)  When the police arrived, Charles told an officer that he wanted Fata out of the house.  (*Id.*)  Fata alleges that this statement was made "for no apparent reason."  (*Id.*)  Charles did not talk to Fata for a few days, but then allegedly apologized at which time Fata "learned [that Charles] had a drinking problem" of which Martha was not aware.  (*Id.*)

In November or December 2021, Fata was permitted unsupervised visits with his son.  (*Id.*)  However, "someone made false children, and youth reports on [Fata]" and Charles allegedly became irrational for the second time.  (*Id.*)  He avers that Charles's irrational behavior consisted of "wanting to raise [the] rent" and seeking payment for an electric bill.  (*Id.* at 3.)

---

[3] The following allegations are taken from the Complaint and the attachments thereto.  To afford Fata the most liberal construction of his claims, the Court also considered the Notice and Case Correspondence filed on January 27, 2025 (*see* ECF No. 4).  The Court adopts the pagination supplied by the CM/ECF docketing system to all *pro se* submissions.  Spelling, punctuation, and capitalization errors are cleaned up where necessary.

[4] Fata alleges that Martha Lang is his aunt.  (*See* Compl. at 2.)

Fata alleges that Charles "harass[ed] [him] religiously, and [was] very argumentative." (*Id.*) Fata also claims that "other oppression arose again." (*Id.* at 2.)

In March 2022, Fata realized that it was not too late to try to obtain justice for his son, who he avers had been "a victim of a sex crime," so he sought to pursue justice. (*Id.* at 3.) Fata claims that Charles "started acting up again," and as Fata continued to pursue justice, Charles's "oppression" continued and "Martha tagged along too." (*Id.*) Fata asserts that Charles "started openly having beer in the house." (*Id.*)

When Fata started the "process of moving out, [Defendants'] oppression aggravated" and they made "false police reports" to evict him and "get [him] violated on probation." (*Id.*) Defendants also sent an "indirect message, or signs of death," causing Fata's daughter to become frightened. (*Id.*) Fata avers that he told "the police [his] side," telling them that there was "no need for an eviction" because he was trying to move out. (*Id.*) Fata contends that the Defendants' conduct "correlates to others," and "there were incidents where [he] could've been killed in a fatal accident." (*Id.*) Fata claims that "Charlie's signs of death, or death threats are obvious." (*Id.*) Fata also avers that "someone was hacking [his] phone, threatening to turn [his] daughter into a stripper" and Charles "coincidentally" sent Fata a text to warn him "to be alert" just like "the death threats." (*See* ECF No. 4 at 3.)

Fata also alleges that "[t]here is a conspiracy to coverup a sexual abuse on [his] two kids, and to frame [him]." (Compl. at 7.) He contends that he's "been severely oppressed by Pennsylvania, and New Jersey societies/communities, and governments, since 2017, and to the extreme of [his] death, by either manipulating a fatal 'accident' or 'situation,' even to push [him] to suicide." (*Id.*) He claims that "many rights have been deprived" and he has suffered multiple physical injuries and emotional anguish. (*Id.*) Fata further alleges that this conspiracy was started by a "Christian religious based organization that has invaded the communities/societies in

areas [his] children, and [he] were involved in" and that this conspiracy "recruited many . . .

relatives, and government officials" to oppress him "religiously, psychologically, [and]

systematically." (*Id.*)

As the basis for his claims, Fata identifies several criminal and civil rights statutes in list

form.[5] (*Id.* at 4-6.)  The criminal statutes pertain to conspiracy, assault and maiming within

maritime jurisdiction, hate crimes, fraudulent claims, extortion and blackmail, kidnapping and

hostage taking, RICO, tampering with and retaliation against witnesses or victims, perjury,

stalking, and torture.[6] (*Id.*)  Specifically, Fata lists, without explanation, federal criminal

statutes, 18 U.S.C. §§ 241, 242, and 249,[7] and federal civil statutes, 42 U.S.C. §§ 1982, 1985,

---

[5] Merely listing statutes does not state a plausible claim for a violation thereof because a passing reference without factual support is not sufficient to bring claims before a court. *Brown v. Pennsylvania, Wayne Cnty.*, No. 22-1506, 2023 WL 3376547, at *2 (3d Cir. May 11, 2023), *cert. dismissed sub nom. Brown v. Pennsylvania*, 144 S. Ct. 272 (2023), *reconsideration denied*, 144 S. Ct. 417 (2023); *see also Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (stating that a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).

[6] Criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action.").  Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute"); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone.").

[7] The federal criminal statutes cited by Fata do not provide an individual a private cause of action. *See Rodriguez v. Salus*, 623 F. App'x 588, 589 n.1 (3d Cir. 2015) (*per curiam*) (finding that the plaintiff's claims attempting to initiate criminal charges under 18 U.S.C. § 241 were properly dismissed because "there is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S.*, 410 U.S. at 619); *Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) (*per curiam*) (no civil cause of action created by 18 U.S.C. § 242);

1987, and 1988.[8]  (*Id.* at 4-5.)  Fata also asserts, without further detail, that his rights under the

First, Ninth, and Fourteenth Amendments to the United States Constitution have been violated.

(*Id.* at 4.)  He invokes state law claims including assault, battery, willful misconduct, negligence,

and loss of wages, again without further explanation.  (*Id.*)  He seeks "$50,000 dollars per

Defendant" and requests that the Defendants be "arrested and brought to justice."[9]  (*Id.* at 6.)

---

*Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (*per curiam*) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez."); *Wolfe v. Beard*, No. 10-2566, 2011 WL 601632, at *2 (E.D. Pa. Feb. 15, 2011) ("[T]here is no private right of action under 18 U.S.C. § 249.").  Any claims purportedly based on these statutes will be dismissed.

[8] 42 U.S.C. § 1982 prohibits racial discrimination in transactions relating to real and personal property.  42 U.S.C. § 1985(3) creates a cause of action against any two persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ."  42 U.S.C. § 1985(3).  Fata does not include any allegations about race or racial animus and there is no suggestion that any contractual relations or conspiracies exist among the named Defendants. Accordingly, any claims alleging violations of §§ 1982 and 1985 will be dismissed.  *See Johnson v. Person*, 781 F. App'x 69, 73 (3d Cir. 2019) (affirming dismissal of claims brought pursuant to §§ 1981 and 1982 for failure to state a claim because there were no contract or property rights involved in the alleged deprivation of rights); *Groce v. City of Philadelphia. L. Dep't*, No. 21-5132, 2022 WL 493418, at *7 (E.D. Pa. Feb. 17, 2022) (dismissing conspiracy claim as wholly conclusory where the plaintiff failed to allege facts regarding the formation of a conspiracy between any Defendants or any other individuals, the period of the conspiracy, or actions taken by the alleged conspirators to achieve the alleged purpose thereof).  42 U.S.C § 1987 does not give rise to a private cause of action.  *See Wolfe v. Beard*, 2010 WL 5173199, at *12 (E.D. Pa. Dec. 9, 2010) ("Section 1987 empowers federal officials to prosecute violations of certain statutorily enumerated crimes. . . . [Section] 1987 does not provide a private right of action.") (citations omitted).  42 U.S.C § 1988, which provides for an award of attorneys' fees in certain circumstances, does not provide a basis for an independent right of action.  *See Vecchia v. Town of Hempstead*, 927 F. Supp 579, 580-81 (E.D.N.Y 1996) (citing *North Carolina Dep't of Transp. v. Crest Street Comm. Council, Inc.*, 479 U.S. 6, 14 (1986)).  The § 1987 and § 1988 claims will also be dismissed.

[9] The Court has no authority to order such relief.  *See Kent*, 467 F. App'x at 113.

## II.    STANDARD OF REVIEW

The Court will grant Fata leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this case.[10]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Additionally, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]"  *Id.* at 327.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A claim is legally baseless if it is "based on an indisputably meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  As Fata is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt*

---

[10] Fata has set forth the steps taken to secure his six-month prisoner account statement.  (*See* ECF No. 6.)  This Court finds that Fata has substantially complied with the directives of 28 U.S.C. § 1915(a)(2) and will permit him to proceed *in forma pauperis* in this matter.  Because Fata is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

*v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Also, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.  DISCUSSION

Fata alleges that there is a vast conspiracy to frame him and cover up sexual abuse of his children. (Compl. at 7.) He asserts that the conspiracy, which spans across two states, was started in 2017 by a "Christian religious based organization, that has invaded the communities/societies in areas [his] children, and [he] were involved in" and that members of the conspiracy have "recruited many . . . relatives, and government officials" to oppress him "religiously, psychologically, [and] systematically." (*Id.*) Fata has allegedly sustained multiple physical and emotional injuries, and he avers that the conspiracy is attempting to push him to suicide. (*Id.*) He claims that "many rights have been deprived." (*Id.*)

Fata's allegations concerning a vast conspiracy, oppression by multiple state governments, and receipt of death threats are wholly incredible and lack a basis in fact.

Accordingly, the Court will dismiss any claims based on Fata's conspiracy allegations as factually baseless, without leave to amend.  *See, e.g., Caterbone v. Nat'l Sec. Agency*, 698 F. App'x 678, 679 (3d Cir. 2017) (*per curiam*) (dismissing appeal as lacking an arguable basis in fact where underlying allegations were based on plaintiff's assertion that he was a "victim of U.S. sponsored mind control and cointelpro harassment program"); *Mina v. Chester Cnty.*, 679 F. App'x 192, 195 (3d Cir. 2017) (*per curiam*) (affirming dismissal of plaintiff's claims that 62 defendants had a vast conspiracy against him spanning twenty years); *Price v. Fed. Bureau of Investigation*, No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"); *Nobile v. Queen Laticia of Spain*, No. 23-9081, 2023 WL 8258336, at *2 (S.D.N.Y. Nov. 27, 2023) (plaintiff's factual allegations that defendants have been committing crimes and making death threats against her are conclusory suspicions that "must be dismissed as frivolous"); *Jorge v. Torres*,  No. 18-14674, 2019 WL 2385942, at *3 (D.N.J. June 6, 2019) ("Plaintiff's factual allegations that the Police are monitoring his every move and that the Police do so by telephone recruitment 'of informants, spies, and willing constituates [sic]' is exactly the type of 'fantastic or delusional scenario[ ]' warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)." (alterations in original)).

Moreover, to the extent that Fata seeks to assert any federal constitutional claims against the Defendants, he has failed to allege a plausible constitutional claim.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a

claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a

person acting under color of state law."[11]  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "The color of

state law element is a threshold issue; there is no liability under § 1983 for those not acting under

color of law."  *Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995).

Fata does not provide any factual allegations with respect to the Defendants that would

support an inference that they were acting under color of state law.  *See Massey v. Crady*, No.

17-241, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) ("Private citizens . . . are not state

actors, and therefore . . . any § 1983 claims against [them] should be dismissed."); *Brett v.

Zimmerman,* No. 15-2414, 2018 WL 6576412, at *6 (M.D. Pa. Nov. 2, 2018) (recommending

dismissal of § 1983 claims against private individual as frivolous), *report and recommendation

adopted*, 2018 WL 6567721 (M.D. Pa. Dec. 13, 2018); *Toroney v. Woyten,* No. 86-4871, 1986

WL 11081, at *1 (E.D. Pa. Oct. 3, 1986) (dismissing § 1983 claims against private actor as

frivolous).

Finally, to the extent that Fata intended to raise any state law claims, the only

independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a

district court jurisdiction over a case in which "the matter in controversy exceeds the sum or

---

[11] Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:  (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[12]  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co*., 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Pierro v. Kugel*, 386 F. App' x 308, 309 (3d Cir. 2010).

Fata does not allege the state citizenship of any party to this suit, but provides Pennsylvania addresses for each of the Defendants, which suggests that both Defendants may be citizens of Pennsylvania.  (*See* Compl. at 1.)  Accordingly, Fata has not alleged a basis for the Court's jurisdiction because he has failed to meet his burden of establishing complete diversity in this case.  *See Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020). Because the Complaint fails to allege a basis for diversity jurisdiction, the Court will dismiss any state law claims for lack of subject matter jurisdiction.

---

[12] Because the Court has dismissed Fata's federal claims, it will not exercise supplemental jurisdiction over any state law claims.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Fata leave to proceed *in forma pauperis* and dismiss his Complaint.  Fata's conspiracy claims will be dismissed as factually frivolous. Any federal constitutional claims Fata sought to assert against Defendants will be dismissed with prejudice and without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Fata's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.  The Court concludes that amendment would be futile because Fata cannot cure the noted deficiencies in the Complaint.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile.").  A final Order follows, which dismisses this case.

**BY THE COURT:**


*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**